# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CANON, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TCL ELECTRONICS HOLDINGS LTD., <br><br> Defendant. | Case No. 2:18-cv-00546-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION <u>AND REQUEST FOR EVIDENTIARY HEARING</u>**

## TABLE OF CONTENTS

I.   STATEMENT OF FACTS ................................................................................................ 2
II.  APPLICABLE LAW ....................................................................................................... 3
III. THIS COURT LACKS GENERAL JURISDICTION OVER TCL HOLDINGS ................. 4
IV.  THIS COURT LACKS SPECIFIC JURISDICTION OVER TCL HOLDINGS .................. 5
     A.  TCL Holdings Directs No Activities Towards Texas ..................................... 5
     B.  Actions of TCL Holdings' Subsidiaries Cannot Be Imputed to TCL Holdings ........... 8
V.   REQUEST FOR EVIDENTIARY HEARING ................................................................ 10
VI.  CONCLUSION ............................................................................................................. 10

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** – **Page i**

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alpine View Co. Ltd. v. Atlas Copco AB*,
   205 F.3d 208 (5th Cir. 2000) ...................................................................................................9

*Am. Patents LLC v. TCL Corp.*,
   4:18-cv-767 (E.D. Tex. Feb. 21, 2019)..................................................................................1, 7

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009)..................................................................................................4

*B/E Aerospace, Inc. v. Zodiac Aerospace*,
   No. 2:16-cv-01417-JRG-RSP, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018)............... *passim*

*Canon, Inc. v. Roku, Inc.*,
   No. 6:19-cv-00245, Dkt. 1 (W.D. Tex. Apr. 5, 2019) ...............................................................1

*Charles Schwab Corp. v. Bank of Am. Corp.*,
   883 F.3d 68 (2d Cir. 2018)........................................................................................................7

*Chemguard Inc. v. Dynax Corp.*,
   No. 4:08-cv-057-Y, 2010 WL 363481 (N.D. Tex. Feb. 2, 2010) ..............................................7

*Colida v. LG Elecs., Inc.*,
   77 Fed. App'x 523 (Fed. Cir. Oct. 8, 2003)...............................................................................5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...............................................................................................................4, 5

*Dickson Marine Inc. v. Panalpina, Inc.*,
   179 F.3d 331 (5th Cir. 1999) .....................................................................................................8

*Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*,
   No. 2:15-cv-2049-JRG, 2016 WL 6917272 (E.D. Tex. Sep. 1, 2016) ..............................2, 8, 9

*Good Sportsman Marketing LLC v. Li & Fung Ltd.*,
   No. 6:07-cv-395, 2010 WL 11531174 (E.D. Tex. May 12, 2010) ..................................5, 9, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)...............................................................................................................4, 5

*Grober v. Mako Prods.*,
   686 F.3d 1335 (Fed. Cir. 2012)..............................................................................................3, 5

*Moki Mac River Expeditions v. Drugg*,
   221 S.W.3d 569 (Tex. 2007)..................................................................................................3

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010)..............................................................................................5

*Pieczenik v. Dyax Corp.*,
   265 F.3d 1329 (Fed. Cir. 2001)..............................................................................................3

*Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998)..............................................................................................4

*Toshiba Int'l Corp. v. Fritz*,
   993 F. Supp. 571 (S.D. Tex. 1998) ........................................................................................7

**Other Authorities**

Fed. R. of Civ. P. 12(b)(2) ...............................................................................................................2

Defendant TCL Electronics Holdings, Ltd. ("TCL Holdings") moves to dismiss the Complaint (Dkt. 1) for lack of personal jurisdiction.

TCL Holdings, the sole named defendant, is a foreign holding company that has no operations or presence in, or contacts with, the state of Texas. TCL Holdings also does not make, use, sell, offer for sale, import, or export the accused TV products, or otherwise introduce them into the stream of commerce. TCL Holdings is merely a holding company that lacks minimum contacts, let alone any contacts, with the state of Texas. In recognition of these facts, TCL Holdings recently was dismissed from another suit filed in this District upon joint motion by the parties to that action, based upon TCL Holdings' representation that "TCL Electronics Holdings Ltd. ha[s] not been involved in making, using, selling, offering for sale, importing, or exporting any of the accused [TV] products." *Am. Patents LLC v. TCL Corp.*, No. 4:18-cv-767-ALM, Dkt. 46 at ¶ 1 (E.D. Tex. Feb. 20, 2019).

Ignoring TCL Holdings' lack of contacts with Texas, Plaintiff Canon, Inc. ("Canon") filed this patent infringement suit on December 27, 2018.[1] Canon alleges specific, but not general, personal jurisdiction based on "acts of infringement" in the state of Texas and on "purposefully and voluntarily plac[ing] one or more infringing products into the stream of commerce." Compl. ¶¶ 4-5. These bare allegations not only are unsupported by any factual allegations, they are untrue, as shown herein. Plaintiff also makes unsupported allegations that TCL Holdings performs such acts "directly and/or through intermediaries," and further alleges that TCL Holdings "directs and controls" subsidiaries to perform such actions. *See id.* These conclusory allegations also are unsupported by any factual allegations, and are untrue: TCL Holdings does not direct the allegedly infringing products into the stream of commerce, nor does TCL Holdings conduct any business in Texas.

---

[1] On April 5, 2019, Plaintiff filed a complaint against Roku Inc. ("Roku") in the Western District of Texas, asserting infringement of the *same* patents, based upon the *same* accused functionality of the *same* accused products as here, which are Roku-enabled TVs. *Canon, Inc. v. Roku, Inc.*, No. 6:19-cv-00245, Dkt. 1 (W.D. Tex. Apr. 5, 2019). Canon's duplicative complaint in the Western District of Texas does not name TCL Holdings as a defendant.

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** – Page 1

Further, Canon ignores black letter law that a subsidiary's contacts cannot be imputed to a parent company unless the parent's control "pervades" the subsidiary's activities in the forum or the lines between the companies are "'so blurred that the two become one.'" *Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*, No. 2:15-cv-2049-JRG, 2016 WL 6917272, at *2 (E.D. Tex. Sep. 1, 2016) (Gilstrap, J.) (citation omitted). TCL Holdings does not exert control over its subsidiaries such that the subsidiaries' actions may be imputed to TCL Holdings. Facing similar facts, this Court recently granted dismissal under Rule 12(b)(2), adopting the Magistrate Judge's recommendation that the Court lacked personal jurisdiction over a foreign holding company that was not involved in placing the products into the stream of commerce. *See B/E Aerospace, Inc. v. Zodiac Aerospace*, No. 2:16-cv-01417-JRG-RSP, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018), *adopted by* 2019 WL 354883 (E.D. Tex. Jan. 18, 2019) (Gilstrap, J.). For at least these reasons, this Court lacks personal jurisdiction over TCL Holdings, and the Complaint should be dismissed.

## I.   STATEMENT OF FACTS

TCL Holdings is a holding company, whose only material assets and activities are the holding of its subsidiaries. Wu Decl. ("Decl.") ¶ 6. TCL Holdings is organized under the laws of the Cayman Islands, and has a principal place of business at 7th Floor, Building 22E, 2 Science Park East Avenue, Hong Kong Science Park, Shatin, New Territories, Hong Kong. *Id.* ¶ 5. TCL Holdings does not design, develop, manufacture, import, distribute, sell, or market any of the allegedly infringing products. *Id.* ¶ 9. TCL Holdings does not conduct any business activities within the state of Texas. *Id.* ¶ 8. To that end, TCL Holdings has no officers or employees based in Texas, does not own or rent any real or personal property in Texas, and does not maintain a bank account or pay any taxes in Texas. *Id.* ¶¶ 7, 8, 11. While Plaintiff's Complaint draws heavily from the website at the address http://www.tclusa.com in purported support of its allegations (*see e.g.*, Compl., ¶¶ 6, 27, 44, 53, 60, 70, 82, 91, 102, 110, 112, 117 & Exs. 10, 12, 14-17), TCL Holdings does not own, control, or maintain that website. *Id.* ¶ 10.

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** – Page 2

TTE Technology, Inc. ("TTE Technology") is a subsidiary of TCL Holdings. *Id.* ¶ 13. TTE Technology is headquartered in Corona, California, and does not have any place of business in Texas. *Id.* ¶¶ 13-14. TTE Technology is involved in the marketing, selling, and distribution of the allegedly infringing products. *Id.* ¶ 12. TCL Holdings does not control or dictate the day-to-day activities of TTE Technology. *Id.* ¶ 19. TCL Holdings observes separate corporate formalities with respect to TTE Technology and does not share headquarters, officers, or employees with the TTE Technology. *Id.* ¶¶ 16-17. TCL Holdings and TTE Technology maintain separate corporate records, financial accounts, and accounting systems. *Id.* ¶ 18. TTE Technology maintains discretion with respect to decisions on the marketing, sales, and distribution of the allegedly infringing products in the United States. *Id.* ¶ 19.

## II. APPLICABLE LAW

Federal Circuit law governs personal jurisdiction in patent cases. *Grober v. Mako Prods.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). Once the movant challenges personal jurisdiction, the burden is on the party asserting jurisdiction to show the movant has sufficient minimum contacts. *Pieczenik v. Dyax Corp.*, 265 F.3d 1329, 1334 (Fed. Cir. 2001).

Determining whether a court has personal jurisdiction over an out-of-state defendant requires a two step-inquiry: (1) "whether a forum state's long-arm statute permits service of process," and (2) "whether assertion of personal jurisdiction violates due process." *Grober*, 686 F.3d at 1345 (internal quotation marks and citation omitted). Because Texas's long-arm statute is coextensive with the Constitution, personal jurisdiction is satisfied when the assertion of jurisdiction comports with constitutional due process requirements. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007). For the purposes of personal jurisdiction, constitutional due process requires that the defendant has "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

There are two types of jurisdiction: general jurisdiction and specific jurisdiction. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998). For both types of jurisdiction, "'[r]andom,' 'fortuitous,' or 'attenuated' contacts do not count in the minimum contacts calculus," and "contacts resulting from the 'unilateral activity' of others do not count." *Id.* (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

As shown below, TCL Holdings does not have minimum contacts with the state of Texas sufficient to establish either general or specific jurisdiction.

### III.  THIS COURT LACKS GENERAL JURISDICTION OVER TCL HOLDINGS

To establish general jurisdiction, the defendant must have contacts that are so "continuous and systematic" that the defendant is "essentially at home" in the forum state. *Goodyear*, 564 U.S. at 919. For corporations, "the place of incorporation and principal place of business are 'paradig[m] … bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation omitted). "The standard for general jurisdiction is 'fairly high.'" *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1018 (Fed. Cir. 2009).

Plaintiff does not, and cannot, allege that this Court has general jurisdiction over TCL Holdings. *See* Compl. ¶ 4. Plaintiff alleges only specific jurisdiction based on stream of commerce. *Id.* ¶¶ 4-6. These allegations are untrue and, in any case, cannot support a theory of general jurisdiction. *See Goodyear*, 564 U.S. at 927 (finding that "[f]low of a manufacturer's products into the forum" may support specific jurisdiction but "do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant").

Neither of the "paradigmatic" bases for general jurisdiction—place of incorporation and principal place of business—apply here. *See Daimler AG*, 571 U.S. at 137. TCL Holdings is

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** – Page 4

organized under the laws of the Cayman Islands and has its principal place of business in New Territories, Hong Kong. Decl. ¶ 5. Further, TCL Holdings does not hold property, or conduct any business, in Texas. *Id*. ¶ 8. The mere fact that TCL Holdings has subsidiaries that do business in the United States is irrelevant to the general jurisdiction inquiry. *See Daimler AG*, 571 U.S. at 136 (finding that a theory of jurisdiction that would "subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate . . . would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in *Goodyear* . . . ."). Thus, no facts exist that can establish general jurisdiction over TCL Holdings in Texas.

## IV. THIS COURT LACKS SPECIFIC JURISDICTION OVER TCL HOLDINGS

The Federal Circuit has a three-prong test to determine specific jurisdiction: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (citation omitted). The plaintiff bears the burden of showing the first two prongs. *Grober*, 686 F.3d at 1346. "Only if [Plaintiff] alleges uncontroverted facts sufficient to establish minimum contacts would the district court need to consider" the third prong of the test. *Colida v. LG Elecs., Inc.*, 77 Fed. App'x 523, 527 (Fed. Cir. Oct. 8, 2003). Plaintiff cannot meet its burden to establish that minimum contacts exist.

### A. TCL Holdings Directs No Activities Towards Texas

TCL Holdings, a foreign holding company that does not take part in any activities to put the allegedly infringing products into the stream of commerce, is not subject to this Court's specific jurisdiction. *See, e.g.*, *B/E Aerospace*, 2018 WL 7140299 (E.D. Tex. Nov. 30, 2018) (finding no personal jurisdiction over a foreign holding company that did not manufacture or distribute the products at issue), *adopted by* 2019 WL 354883 (E.D. Tex. Jan. 18, 2019) (Gilstrap, J.); *Good*

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** – Page 5

*Sportsman Marketing LLC v. Li & Fung Ltd.*, No. 6:07-cv-395, 2010 WL 11531174 (E.D. Tex. May 12, 2010) (same).

TCL Holdings is a holding company whose exclusive business is the ownership of subsidiary companies. Decl. ¶ 6. TCL Holdings is based in Hong Kong, and TCL Holdings conducts no business and owns no property in the state of Texas. *Id.* ¶¶ 5, 8. TCL Holdings has no employees based in Texas. *Id.* ¶ 7. Contrary to Plaintiff's unsupported allegations, TCL Holdings does not make, sell, offer for sale, import, use, ship, distribute, and/or advertise or otherwise promote the allegedly infringing products anywhere, let alone in the state of Texas. *Id.* ¶ 9. Again, contrary to Plaintiff's assertion, TCL Holdings does not maintain or own the website at the address http://www.tclusa.com, which Plaintiff's Complaint relies upon heavily for its evidence of purported infringement. *Id.* ¶ 10; Compl. ¶¶ 6, 27, 44, 53, 60, 70, 82, 91, 102, 110, 112, 117. Finally, as addressed in detail below, *infra* Section IV.B, TCL Holdings does not "direct and control" the actions of its subsidiaries involved in distribution of the accused products, and the mere fact that TCL Holdings has subsidiaries that participate in the distribution of the allegedly infringing products is insufficient to support personal jurisdiction under a stream of commerce theory. *See Good Sportsman Marketing*, 2010 WL 11531174, at *4. In summary, TCL Holdings directs no activities towards the state of Texas, related to the present action or otherwise.

The present case is indistinguishable from *B/E Aerospace*, where this Court found that a foreign holding company that was not involved in the supply chain for the accused product was not subject to personal jurisdiction in this Court. 2018 WL 7140299, at *5, *adopted by* 2019 WL 354883 (E.D. Tex. Jan. 18, 2019) (Gilstrap, J.). Similar to TCL Holdings, in *B/E Aerospace*, one of the defendants, a French holding company, was not involved in putting the products into the stream of commerce, but its subsidiaries were involved in the manufacture and distribution of the

products. *Id.* at *1-2. The holding company maintained a "worldwide" website that grouped together its subsidiaries, and certain employees of the subsidiary companies advertised affiliations with the holding company. *Id.* at *4. Even so, the Court found that this relationship with the subsidiaries did not "stand[] out as sufficient to disregard corporate form." *Id.* at *4. On both the facts of this case and *B/E Aerospace*, "[o]ther than ownership, there is no credible evidence that the holding companies are involved in the allegedly infringing conduct," and personal jurisdiction would be improper. *See id.* at *5.

Plaintiff's further allegations that TCL Holdings has "availed itself to this District" in separate lawsuits are wholly irrelevant to whether the Court has specific jurisdiction in ***this*** case. *See* Compl. ¶¶ 7-9. Specific jurisdiction requires that the claim "arises out of" the defendant's activities in the forum. Canon's claims do not "arise out of" those entirely distinct and separate lawsuits, and therefore those other lawsuits are irrelevant to whether the Court has specific personal jurisdiction over TCL Holdings here. Moreover, "a 'party's consent to jurisdiction in one case . . . extends to that case alone' and 'in no way opens that party up to other lawsuits in the same jurisdiction in which consent was given,'" which is a further reason why Canon's allegations concerning those other suits are irrelevant. *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 88 (2d Cir. 2018) (citation omitted); *see also Chemguard Inc. v. Dynax Corp.*, No. 4:08-cv-057-Y, 2010 WL 363481, at *3 (N.D. Tex. Feb. 2, 2010) (finding that defendant did not waive its objection to personal jurisdiction by removing a separate action from state court); *Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 574 (S.D. Tex. 1998) (finding that defendant did not waive personal jurisdiction challenge by filing a third party complaint in a separate action in the district).

Further, in two of the suits on which Canon relies, the parties agreed to dismiss TCL Holdings from those suits. *See Am. Patents LLC v. TCL Corp.*, 4:18-cv-767, Dkt. 48 (E.D. Tex.

Feb. 21, 2019); *Nichia Corp. v. TCL Multimedia Tech. Holdings, Ltd.*, 2:16-cv-1452-JRG, Dkt. 41 (E.D. Tex. Feb. 16, 2018). Not only do those unrelated lawsuits fail to establish specific jurisdiction over TCL Holdings in this case, they reinforce the conclusion that TCL Holdings is not subject to jurisdiction here.

TCL Holding has not "purposefully directed activities at residents of the forum" at all, as required under the first prong of the test for specific jurisdiction. As a result, this suit clearly did not "arise[] out of or relate to" any activities directed to Texas. Thus, Plaintiff cannot meet its burden to establish the first two prongs of the test for specific jurisdiction based on the activities of TCL Holdings.

### B.   Actions of TCL Holdings' Subsidiaries Cannot Be Imputed to TCL Holdings

Fifth Circuit law governs whether a subsidiary's acts can be imputed to a corporate parent. *See B/E Aerospace*, 2018 WL 7140299, at *3 (citing *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1380 (Fed. Cir. 2004)). "For an agency relationship to permit imputation of contacts, the parent company's control over the agent must pervade the agent's dealings with the forum." *Fellowship Filtering Techs.*, 2016 WL 6917272, at *2 (citing *In re Chinese-Manufactured Drywall Prods. Liability Litig.*, 753 F.3d 521, 532 (5th Cir. 2014)). To impute a subsidiary's contacts to a parent as an "alter ego," "the lines between the defendant and the third party must become 'so blurred that the two become one.'" *Id.* (citation omitted).

The Fifth Circuit has identified a number of factors to consider for whether imputation is proper under either an agency or alter ego theory: (1) amount of stock owned, (2) commonality of corporate headquarters, (3) common officers and directors, (4) observation of corporate formalities, (5) maintenance of separate accounting systems, (6) exercise of complete authority over general policy by parent, and (7) exercise of complete authority over daily operations by subsidiary. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999). "'The degree of control

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS** – Page 8

exercised by the parent must be greater than that normally associated with common ownership and directorship.'" *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 219 (5th Cir. 2000) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).

The actions of the TTE Technology may not be imputed to TCL Holdings. Plaintiff makes the unfounded allegation that "Defendant also has a number of subsidiaries that Defendant directs and controls that upon information and belief are involved in making, selling, offering for sale, and/or importing into the Untied States the infringing products." *See* Compl. ¶ 4. Plaintiff makes no specific factual allegations to support this statement, and certainly does not identify any "unusual circumstances" that would "call for an exception" to disregard corporate form. *See B/E Aerospace*, 2018 WL 7140299, at *3. Such unsupported assertions of "supervision and control" are insufficient to establish jurisdiction. *See Good Sportsman*, 2010 WL 11531174, at *4.

Indeed, no facts exist that could warrant holding TCL Holdings subject to personal jurisdiction here based on the actions of TTE Technology. TCL Holdings has observed corporate formalities with respect to TTE Technology. Decl. ¶¶ 16-18. TCL Holdings does not share any directors, officers, or employees with TTE Technology, nor does it share a corporate headquarters with TTE Technology. *Id.* ¶¶ 16-17. TCL Holdings has separate accounting systems from TTE Technology. *Id.* ¶ 18. TTE Technology has its own, separate articles of incorporation. *Id.* ¶ 16. Thus, the "lines between" TCL Holdings and TTE Technology have not been "'so blurred that the two become one.'" *See Fellowship Filtering*, 2016 WL 6917272, at *2 (citation omitted).

Moreover, TCL Holdings does not control the day-to-day activities of TTE Technology. *Id.* ¶ 19. TCL Holdings does not direct or control the decisions of TTE Technology with respect to any of the allegedly infringing products. *Id.* At most, TCL Holdings' activities amount to the "routine parental involvement . . . such as monitoring the subsidiary's performance, supervising

finance and budget decisions, and articulating general policies and procedures," that has been found insufficient to support imputation. *See B/E Aerospace*, 2018 WL 7140299, at *3 (citation omitted). Thus, here, "[w]here a defendant does not manufacture the accused product and does not otherwise exert control over or consort with other parties to indirectly manufacture or sell the accused product, the stream of commerce theory is inapplicable." *See Good Sportsman*, 2010 WL 11531174, at *3. And Plaintiff has not alleged, nor is there, any credible evidence to support another theory of jurisdiction. Under any theory, the exercise of specific jurisdiction over TCL Holdings would be improper.[2]

## V.  REQUEST FOR EVIDENTIARY HEARING

While the facts set forth here are clear and should be undisputed, to the extent that Canon disputes any of them, TCL Holdings requests an evidentiary hearing to resolve such factual disputes.

## VI.  CONCLUSION

TCL Holdings lacks any, let alone sufficient, contacts with Texas, and the exercise of jurisdiction over it would offend due process. TCL Holdings' motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction should be granted.

---

[2] Should the Court determine that exercise of personal jurisdiction over TCL Holdings is proper, TCL Holdings intends to file a motion to transfer venue to the Northern District of California, because convenience factors, including the locations of potentially willing and unwilling witnesses, and the locations of the sources of proof, strongly favor the Northern District of California as the clearly more convenient venue for this suit.

**DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS – Page 10**

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Andrew N. Thomases
(CA Bar No. 177339)
(Eastern District of Texas Member)
Andrew T. Radsch
(CA Bar No. 303665)
(Eastern District of Texas Member)
Christopher M. Bonny
(CA Bar No. 280554)
(Eastern District of Texas Member)
ROPES & GRAY LLP
1900 University Avenue
East Palo Alto, CA  94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
Email: andrew.thomases@ropesgray.com
Email: andrew.radsch@ropesgray.com
Email: chistopher.bonny@ropesgray.com

**ATTORNEYS FOR TCL ELECTRONICS HOLDINGS, LTD.**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 23rd day of April, 2019.

>*/s/ Jennifer H. Doan*
>Jennifer H. Doan