IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CANON, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TCL ELECTRONICS HOLDINGS LTD., <br> TCL CORPORATION, <br> SHENZEN TCL NEW TECHNOLOGIES CO. LTD., <br> TCL KING ELECTRICAL APPLIANCES (HUIZHOU) CO., LTD., <br> TCL KING ELECTRONICS (CHENGDU) CO., LTD., <br> TCL KING ELECTRICAL APPLIANCES (NANCHANG) CO., LTD., <br> TCL TONGLI ELECTRONICS (HUIZHOU) CO., LTD., and <br> TONLY ELECTRONICS HOLDINGS LTD. <br><br> Defendants. | No. 2:18-cv-00546 <br><br> Jury Trial Demanded |

**DECLARATION OF THOMAS GONG IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

I, Thomas Gong, declare as follows:

1. I am the Financial Controller of, and a Director at, TTE Technology, Inc. ("TTE"). I work at TTE's only office, which is in Corona, California.

2. I submit this declaration in support of Defendants' Motion to Transfer Venue to the Northern District of California. I am knowledgeable about the facts within this declaration based on personal knowledge and investigation. I am over 18 years of age.

3. I understand that Canon, Inc. ("Canon") has sued TCL Electronics Holdings Ltd., TCL King Electrical Appliance (Huizhou) Co. Ltd., Shenzhen New Technologies Co. Ltd., TCL King Electronics (Chengdu) Co., Ltd., TCL King Electrical Appliances (Nanchang) Co., Ltd., TCL Tongli Electronics (Huizhou) Co., Ltd., and Tonly Electronics Holdings Ltd., and TCL Corporation (collective, "Defendants"), for alleged patent infringement of five patents: U.S. Patent Nos. 7,746,413, 7,810,130, 8,078,767, 8,346,986, and 8,713,206. I understand that Canon asserts that Defendants infringe with "television systems that integrate the Roku operation system" (the "Accused Products").

4. I joined TTE in 2008. I have been the Financial Controller and a Director of TTE since 2008. I oversee many of the daily operations of TTE. As a result of my position and job responsibilities at TTE, I am knowledgeable about TTE's overall operations and the responsibilities of its employees, including with respect to the Accused Products. Among other things, I am familiar with the manufacture, importation, marketing, sales, distribution, and supply chain of the Accused Products; TTE's relationship with the Defendants (if any); and TTE's relationship with Roku, Inc. ("Roku").

5. I would be willing to testify at trial in this matter, and it would far more convenient for me to travel to Northern California than to Marshall, Texas to do so.

6. TTE is responsible for the marketing, sales, and distribution of the Accused Products throughout the United States.

7. None of the Accused Products is manufactured in the United States.

8. Of TTE's 55 employees, 50 work at its Corona, California office. The others work remotely. The TTE employees most knowledgeable about the design, development, operation, marketing, sales, support, and supply chain for the Accused Products, and TTE's relationship with Roku, are all located in Corona, California. The TTE employees responsible for marketing, sales, and distribution of the Accused Products are located in Corona, CA.

9. For example, Aaron Dew is a Product Manager at TTE and is the TTE employee most knowledgeable about the features and functions of the Accused Products. He also is knowledgeable about the supply chain for those products. Aaron Dew also works closely with Roku with respect to the Accused Products, and is the TTE employee most knowledgeable about that relationship, in addition to me. Mr. Dew is located in Corona, CA.

10. In addition, Chris Larson is the Vice President of Sales at TTE. Among other things, he is in charge of, and is the TTE employee most knowledgeable about, the sales and marketing of the Accused Products. Mr. Larson is located in Corona, CA.

11. As another example, Chris Luna is a Director of Sales, and has responsibility for after sales service, and is the TTE employee most knowledgeable about after sales support for the Accused Products. Mr. Luna is located in Corona, CA.

12. I understand that each of the foregoing persons would be willing to testify at trial in this matter, and it would far more convenient for each of them to travel to Northern California than to Marshall, Texas to do so.

13. TTE has two employees that work in Texas. One works in El Paso, Texas, is semi-retired, and works on accounting issues relating to a part of the company that has been closed for some time. His work does not relate to the Accused Products. The other works in Dallas, Texas, and is a Sales Director. He reports to Chris Larson, the Vice Present of Sales referred to above.

14. Electronic and physical documents relating to the marketing, distribution, sales, and supply chain for the Accused Products, including invoices, other financial documents, vendor contracts, supply and distribution agreements, and marketing and advertising documents, are maintained at TTE's Corona, CA office. Consumer and competitive information also is maintained at TTE's Corona, CA office, as are documents concerning TTE's relationship with Roku. Technical documents relating to the Accused Products are kept primarily in Huizhou, China.

I declare under penalty of perjury hat the foregoing is true and correct.

Executed on September 5, 2019.

/s/ _____
Thomas Gong