# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CANON, INC., | |
| Plaintiff, | Civil Action No. 2:18-cv-00546-JRG |
| vs. | |
| TCL ELECTRONICS HOLDINGS LTD., TCL CORPORATION, SHENZHEN NEW TECHNOLOGIES CO. LTD., TCL KING ELECTRICAL APPLIANCE (HUIZHOU) CO. LTD., TCL KING ELECTRONICS (CHENGDU) CO., LTD., TCL KING ELECTRICAL APPLIANCES (NANCHANG) CO., LTD., TCL TONGLI ELECTRONICS (HUIZHOU) CO., LTD., and TONLY ELECTRONICS HOLDINGS LTD., | Jury Trial Demanded |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION
## TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Development, LLC v. ZTE Corp.*,
   No. 2:17-cv-00517, 2018 WL 4854023 (E.D. Tex. Sept. 28, 2018)....................................2, 5

*American Patents LLC v. TCL Corp. et al*,
   No. 4:18-cv-767, Dkt. No. 69 (E.D. Tex. July 8, 2019) ......................................................4, 5

*Blue Spike, LLC v. Juniper Networks, Inc.*,
   No. 6:17-cv-16-KNM, 2018 WL 4222994 (E.D. Tex. Mar. 8, 2018) ......................................2

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009)................................................................................................1

*MV3 Partners LLC v. Roku, Inc.*,
   No. 6:18-cv-00308 (W.D. Tex. June 25, 2019) ..............................................................1, 3, 4

*Tech. Props. Ltd. v. Canon, Inc.*,
   No. 6:12-cv-00202-MHS (E.D. Tex. July 15, 2014) ................................................................4

*Vista Peak Ventures, LLC v. TCL Corp. et al*,
   No. 2:19-cv-188, Dkt. No. 23 (E.D. Tex. Oct. 7, 2019) ..........................................................4

*Vista Peak Ventures, LLC v. TCL Corp. et al*,
   No. 2:19-cv-189, Dkt. No. 22 (E.D. Tex. Oct. 4, 2019) ..........................................................4

*Vista Peak Ventures, LLC v. TCL Corp. et al*,
   No. 2:19-cv-190, Dkt. No. 21 (E.D. Tex. Oct. 7, 2019) ..........................................................5

*In re Vistaprint Ltd.*,
   628 F.3d 1342 (Fed. Cir. 2010)................................................................................................3

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
   No. 2:17-CV-00456-JRG, 2018 WL 4620636 (E.D. Tex. May 22, 2018) ...............................5

In its Opposition, Canon does not dispute that this suit has no connection to this District, and identifies no witnesses or documents in this District.  Canon also ignores the declarations from TTE and Roku that establish that relevant third-party witnesses and documents overwhelmingly are located in or near the Northern District of California ("NDCA").  Instead, Canon makes the unsupportable and illogical argument that TTE's one employee in Dallas, and Roku's smaller satellite office in Austin, "substantially outweigh[]" the California presence of these two California-based companies.  Putting aside this non-credible argument and Canon's other strained assertions, including its heavy and misplaced reliance on the *MV3* case (which involved different parties, different accused technologies, and different facts), Canon cannot overcome the strong showing that NDCA is clearly more convenient for this case.

**Convenience of witnesses and sources of proof favor transfer.**  Canon does not dispute that the persons most knowledgeable about the accused functionalities in the accused "TCL Roku TVs" (Opp. 4) are Roku employees located in NDCA, where Roku is headquartered and where Roku's relevant documents also are located.  *See* Dkt. No. 59-3 ("McFarland Decl."), ¶¶7-12, 16.[1] Nor does Canon dispute that the persons most knowledgeable about marketing, sales, and distribution of the accused TVs are third-party TTE witnesses located in Corona, California.  *See* Dkt. No. 59-4 ("Gong Decl."), ¶6.  The convenience of these third-party witnesses is the most important factor for transfer and they "would be unnecessarily inconvenienced by having to travel away from home to testify in the Eastern District of Texas."  *In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009).

---

[1] Canon's assertion that the McFarland declaration "tacitly admits" that there are employees in Austin "currently developing the accused technologies" is incorrect and illogical.  *See* Opp. 7 n.8.  The declaration uses the past tense to describe development because the accused products and technologies have already been developed, and currently are being sold. It is nonsensical to assert, as Canon does, that the accused technologies are currently being developed.  *Id*.  The McFarland declaration makes clear that the persons responsible for the accused technologies are located in NDCA, not in Austin. McFarland Decl. ¶¶7-12, 15.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER** – Page 1

Canon's attempt to downplay the convenience of Roku, TTE, and their witnesses, fails. *See* Opp. 8. Contrary to Canon's assertions, none of the witnesses stated that they "agreed to travel to Texas," *cf. id.*; they stated they would be willing to testify and that it would indisputably be far more convenient for them to do so in NDCA. *See* McFarland Decl. ¶13; Gong Decl. ¶¶5, 12. In *AGIS*, the case Canon cites, the ***plaintiff***, not the movant, submitted a declaration expressly stating that its employee would be willing to travel to Texas for trial and that it would be convenient for him to do so. *See AGIS Software Dev., LLC v. HTC Corp.*, No. 2:17-cv-00514-JRG, Dkt. No. 40-1 ¶20 (E.D. Tex. Feb. 20, 2019). Those are polar opposite of the facts here. Under Canon's rationale, the convenience of any out-of-district willing witness would be discounted—a position that would swallow the willing witness factor and thus is contrary to law.[2] *See Blue Spike, LLC v. Juniper Networks, Inc.*, No. 6:17-cv-16-KNM, 2018 WL 4222994, at *3 (E.D. Tex. Mar. 8, 2018).

In an attempt to manufacture convenience, Canon ignores the declarations of Roku and TTE and instead cherry-picks, as witnesses Canon allegedly will call, certain Roku employees located in Austin based on their LinkedIn profiles, as well as the one TTE employee in Dallas. Opp. 4-5, 7. Canon's argument is not credible, particularly in view of the unrebutted declaratory evidence about where relevant information is located based on the allegations of this case. Will Canon really not take testimony from any of the identified witnesses in California, or seek evidence from Roku and TTE, each of which is based in California, and instead only seek evidence from the individuals Canon identifies in its Opposition? That outcome is inconceivable.

For Roku, Canon relies on articles and its interpretation of LinkedIn profiles, which only broadly discuss TV engineering and not the specific accused functionalities. *See* Opp. 4-5. Indeed, many of the LinkedIn profiles relate generically to Roku "hardware development" and "hardware

---

[2] Canon also improperly attempts to discount Roku's inconvenience as the "cost of doing business" by allegedly selling accused products in this District. *See* Opp. 8. But Roku does not sell the accused TVs, so selling accused products cannot be a part of its "cost of doing business."

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER** – Page 2

platforms," rather than the accused TVs.  *See id.*  Generic Roku hardware is not at issue in this case; what is accused is the Roku operating system (software or firmware) in the accused TCL TVs. Dkt. No. 22 ¶52.  None of the Roku employees that Canon identifies supplants the unrebutted testimony that Roku engineers responsible for the technology at issue in this case are located in NDCA. McFarland Decl. ¶15.

For TTE, Canon relies on the presence of a single sales employee in Dallas.  Opp. 7.  That employee is a sales director for three of TTE's national accounts, none of which is located in Texas.  Supp. Gong. Decl. ¶4.  Moreover, that employee has access to documents relating only to those accounts, not all sales documents.  *Id.* ¶4.  He reports to a supervisor located in California, who has ***full*** access to TTE's sales and marketing materials.  *Id.* ¶5.  As TTE is headquartered and has 50 of its 55 employees in California (Gong Decl. ¶¶1, 8), Canon's argument that one sales employee in Dallas somehow "substantially outweighs any California presence" lacks credibility.

The only credible evidence shows that all the relevant witnesses and documents for TTE and Roku, the two most important third-parties in this case, are located more conveniently to the NDCA, and thus, the convenience of witnesses factor strongly favors transfer.  In fact, *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), which Canon misconstrues, only reinforces the fact that the convenience factors weigh in favor of transfer.  Because potential witnesses were in the transferee venue, the *Vistaprint* court found that the convenience factors actually favored transfer.  *Id.* at 1346-47.  However, because there was a co-pending suit on the same patents and a previous suit where the judge had already construed the same patent claims, the court found that judicial economy concerns could outweigh convenience factors.  *Id.*  No such countervailing factors exist here, as discussed further *infra*, 4-5.

***MV3* is inapt.**  Contrary to Canon's mischaracterizations, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308 (W.D. Tex. June 25, 2019), does not present "nearly identical

considerations" as this case.  Opp. 2.  Roku was a party to that case.  For that reason, the court there discounted the convenience of Roku's witnesses because "its employees' convenience [was] entitled to little weight," finding the willing witnesses factor neutral.  *Id.*, Dkt. No. 74 ("*MV3*") at 7.  Here, in contrast, Roku is a third-party, and its convenience is entitled to substantial weight. *Tech. Props. Ltd. v. Canon, Inc.*, No. 6:12-cv-00202-MHS, Dkt. No. 163 (E.D. Tex. July 15, 2014) ("The Court weighs most heavily the convenience of non-party witnesses.").  Moreover, in *MV3*, Roku did not identify any specific third-party witnesses in NDCA (the transferee forum), or California.  Again in contrast, here, Defendants have identified a number of specific relevant third-party witnesses in California.  McFarland Decl. ¶¶7-12; Gong Decl. ¶¶9-11.  Accordingly, while the compulsory process factor was found not to favor transfer there, it strongly weighs in favor of transfer here.

Additionally, *MV3* involved different patents and technology.  The technologies at issue there were "casting and mirroring" functions that allowed concurrent display of video on a mobile device and a TV.  *MV3* at 1-2.  As acknowledged by Canon's own summation of the accused technologies at issue here, *see* Opp. 3, "casting and mirroring" are not at issue here.  Indeed, the relevant functionalities here were not developed by Roku employees in Austin.  *See* McFarland Decl. ¶15.  The differences between *MV3* and the present case are substantial, and Canon's heavy reliance on *MV3* is misplaced.[3]

**Judicial economy does not weigh against transfer.**  Canon's judicial economy arguments strain credibility.  While Canon asserts that this Court has "adjudicated" four other cases involving TCL, Opp. 12, all four were dismissed prior to any substantive activity.  The three *Vista Peak* actions were dismissed before the defendants answered the complaint, and the *American Patents*

---

[3] Canon's allegation that Roku's declaration here contradicts admissions it made to the court in *MV3*, *see* Opp. 1-2, is unfounded and unsupported by any evidence, and, thus should be disregarded.

action was dismissed prior to claim construction briefing.[4]   No judicial economies flow from keeping this suit in this District.

Further, contrary to Canon's allusion, Defendants timely filed this transfer motion just a month after appearing in order to file a responsive pleading, and well before the scheduling conference in this matter.  Dkt. No. 59.  As a result, this case is unlike the case Canon cites, Opp. 12, where the movant waited until after the scheduling conference to file its motion.  *See Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *6 (E.D. Tex. May 22, 2018).

Finally, transfer will not prejudice Canon.  While Canon claims it will be prejudiced by some imagined delay, it does not describe ***what*** that prejudice would be.  Nor could it:  the asserted patents issued between five and nine years ago, and Canon does not explain why it did not bring suit (or allege infringement) earlier.  Moreover, Canon does not contend that it practices the asserted patents.  Finally, any argument about delay is not credible when Canon decided to wait four months after filing its complaint to add seven of the eight defendants named here, four of which Canon acknowledges are not even subject to personal jurisdiction.  Dkt. No. 54 at 1 n.1.

For all of the foregoing reasons, Defendants' Motion should be granted.[5]

---

[4] *Vista Peak Ventures, LLC v. TCL Corp. et al*, No. 2:19-cv-188, Dkt. No. 23 (E.D. Tex. Oct. 7, 2019); *Vista Peak Ventures, LLC v. TCL Corp. et al*, No. 2:19-cv-189, Dkt. No. 22 (E.D. Tex. Oct. 4, 2019); *Vista Peak Ventures, LLC v. TCL Corp. et al*, No. 2:19-cv-190, Dkt. No. 21, (E.D. Tex. Oct. 7, 2019); *American Patents LLC v. TCL Corp. et al*, No. 4:18-cv-767, Dkt. No. 69 (E.D. Tex. July 8, 2019).

[5] Canon's Opposition also includes two cursory attempts at alternative motions: (1) for transfer to the Western District of Texas ("WDTX"), and (2) for grant of venue discovery.  Canon has failed to satisfy its burden for either request.  With respect to the former, Canon has failed to show that suit could have been brought in WDTX, failing to meet a threshold requirement for transfer.  Indeed, this suit could not have been brought there as seven of the eight defendants are not subject to personal jurisdiction there.  *See* Dkt. Nos. 19, 48.  Similarly, Canon's position continues to ignore all of the witnesses and evidence that reside in California.  With respect to venue discovery, Canon has failed to meet its burden to show that "discovery could or will be useful in addressing the issue of venue" and "that such discovery is narrowly drawn and properly tailored to open question[s] unable to be addressed by publically available information."  *See AGIS Software Dev., LLC v. ZTE Corp.*, No. 2:17-cv-00517, 2018 WL 4854023, at*3 n.3 (E.D. Tex. Sept. 28, 2018).  To the extent these two requests are even proper, both should be denied.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER** – Page 5

Respectfully submitted,

*/s/ Jennifer H. Doan*

Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Kyle Randall Akin
Texas Bar No. 24105422
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: kakin@haltomdoan.com

Andrew N. Thomases
(CA Bar No. 177339)
(Eastern District of Texas Member)
Andrew T. Radsch
(CA Bar No. 303665)
(Eastern District of Texas Member)
Christopher M. Bonny
(CA Bar No. 280554)
(Eastern District of Texas Member)
ROPES & GRAY LLP
1900 University Avenue
East Palo Alto, CA  94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
Email: andrew.thomases@ropesgray.com
Email: andrew.radsch@ropesgray.com
Email: chistopher.bonny@ropesgray.com

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 15th day of October, 2019.

*/s/ Jennifer H. Doan*
Jennifer H. Doan
