UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CANON, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TCL ELECTRONICS HOLDINGS LTD., et al. <br><br> Defendants. | Civil Action No. 2:18-cv-00546-JRG <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR RULING
ON MOTIONS TO DISMISS AND MOTION TO TRANSFER**

Defendants Shenzhen TCL New Technologies Co. Ltd. ("Shenzhen TCL"); TCL Corporation ("TCL Corporation"); TCL King Electrical Appliances (Huizhou) Co. Ltd. ("TCL King Huizhou"); and TCL Electronics Holdings Ltd. ("TCL Holdings") (collectively, "Defendants") respectfully request that the Court enter an order and rule on their pending motions to dismiss this case for lack of personal jurisdiction and failure to state a claim [Dkt. Nos. 19, 48], and to transfer this case to the Northern District of California [Dkt. No. 59].[1] One of these motions has been pending for almost a year, while the other two have been pending for over six months. Plaintiff Canon, Inc. ("Canon") opposes Defendants' request for a ruling.

**I.    PROCEDURAL BACKGROUND**

Defendant TCL Holdings was the only defendant named in the original complaint in this case. Eleven months ago, on April 23, 2019 (the date its first response to the original complaint

---

[1] If the Court grants in whole or in part the pending motions to dismiss for lack of personal jurisdiction, transfer of this case to the Northern District of California would still be proper as to at least defendant TCL King Huizhou, which has not moved to dismiss for lack of personal jurisdiction.

was due), TCL Holdings filed a motion to dismiss Canon's complaint for lack of personal jurisdiction. Dkt. No. 19. Canon responded on May 7, 2019 [Dkt. No. 27]. TCL Holdings filed its reply on May 22, 2019 [Dkt. No. 37], and Canon filed its sur-reply on June 3, 2019 [Dkt. No. 38]. Accordingly, TCL Holdings' motion is fully briefed and has been ripe for consideration for over ten months.

In response to TCL Holdings' motion to dismiss, Canon filed an amended complaint, naming seven additional foreign entities as defendants. Dkt. No. 22.

On August 12, 2019 (the date responsive pleadings were due), Shenzhen TCL and TCL Corporation, among others,[2] filed a motion to dismiss Canon's first amended complaint for lack of personal jurisdiction. Dkt. No. 48. TCL King Huizhou and TCL Holdings joined Shenzhen TCL and TCL Corporation in this motion asking the Court to dismiss this action for failure to state a claim. *See id*. Canon responded on August 29, 2019 [Dkt. No. 54]. Defendants filed their reply on September 9, 2019 [Dkt. No.58], and Canon filed its sur-reply on September 16, 2019 [Dkt. No. 61]. Accordingly, Defendants' motion is fully briefed and has been ripe for consideration for over six months.

On September 12, 2019 (one month after responsive pleadings), Defendants moved to transfer venue to the Northern District of California [Dkt. No. 59]. Canon responded on October 4, 2019 [Dkt. No. 64]. Defendants filed their reply on October 15, 2019 [Dkt. No. 66], and Canon filed its sur-reply on October 22, 2019 [Dkt. No. 67]. Accordingly, Defendants' motion to transfer is fully briefed and has been ripe for consideration for over five months. Defendants also filed an

---

[2] The Court recently dismissed the following defendants: TCL King Electronics (Chengdu) Co., Ltd. ("TCL King Chengdu"); TCL King Electrical Appliances (Nanchang) Co., Ltd. ("TCL King Nanchang"); TCL Tongli Electronics (Huizhou) Co., Ltd. ("Tongli"); and Tonly Electronics Holdings Ltd. ("Tonly"). Dkt. No. 83.

unopposed motion for hearing on the motion to transfer on November 7, 2019 [Dkt. No. 76]. The Court neither ruled on this motion nor set a hearing. As such, Defendants now request a ruling.

## II.   LEGAL STANDARD AND ARGUMENT

In accordance with Local Rule CV-26(a), Defendants have fully cooperated in discovery despite their pending motions to dismiss and motion to transfer. In particular, Defendants have expended significant resources trying to schedule depositions of Defendants' party witnesses, even though those witnesses all reside in China and, as explained previously to the Court, the worldwide coronavirus pandemic is causing extreme difficulty in scheduling such depositions. In light of the issues associated with the coronavirus and the April 27, 2020 close of fact discovery, and because the Claim Construction Hearing was held on March 18, 2020, Defendants respectfully request a ruling on their motions to dismiss and motion to transfer. Defendants note that at least some of the outstanding deposition issues of party witnesses located in China would be rendered moot if the motions to dismiss were granted, as at least four of the noticed depositions and one Rule 30(b)(6) deposition notice would be mooted.

Since the filing of TCL Holdings' motion to dismiss eleven months ago, the Defendants have engaged in significant discovery efforts, exchanged invalidity contentions, and completed claim construction briefing and a hearing in a venue that lacks personal jurisdiction over three of the four Defendants and is clearly less convenient than the Northern District of California. Canon, too, has engaged in significant discovery, including third-party discovery that has taken place entirely within the state of California.[3] In order to prevent a waste of time, resources, money, and

---

[3] Canon has served document and deposition subpoenas on third-party Roku, Inc., which is headquartered in the Northern District of California. The document subpoena requested the production of materials, and noticed the deposition of Roku to take place, in Palo Alto, California, in the Northern District of California. Canon also served subpoenas to compel the deposition testimony in Palo Alto, CA of seven (7) employees of Roku, all of whom work out of Roku's headquarters in the Northern District of California. Canon also served subpoenas for four (4) employees of third-party TTE Technology, Inc. ("TTE"), all of whom work

**DEFENDANTS' MOTION FOR RULING** – Page 3

avoid unnecessary litigation, Defendants respectfully request a ruling on the motions to dismiss and motion to transfer at the Court's earliest convenience. *See, e.g., In re Flopam Inc.*, 707 F. App'x 704, 705 (Fed. Cir. 2017) (stating that "matters of venue should take top priority in the handling of this case by the District Court") (internal citations omitted); *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (discussing the "importance of addressing motions to transfer at the outset of litigation" and ordering the District Court to stay all proceedings and rule on the transfer motion) (quoting *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013)); *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (discussing "the principle that a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case."); *Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir. 2008) (affirming stay of discovery pending ruling on motion to dismiss for lack of personal jurisdiction); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (affirming stay of discovery pending ruling on dispositive motion asserting a jurisdictional issue); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) ("subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted.").

### III. CONCLUSION

For the foregoing reasons, and the reasons stated in the briefing related to Defendants' motions to dismiss and motion to transfer, Defendants respectfully request that the Court issue an Order (a) dismissing this case for lack of personal jurisdiction as to TCL Holdings, TCL Corp.,

---

at TTE's headquarters in the Central District of California. In addition, Canon served subpoenas directed to TTE itself, demanding compliance in the Central District of California.

and Shenzhen TCL, (b) dismissing this case as to all Defendants for failure to state a claim, and (c) transferring this case to the Northern District of California.[4]

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Cole Alan Riddell
Texas Bar No. 24105423
Kyle Randall Akin
Texas Bar No. 24105422
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: criddell@haltomdoan.com
Email: kakin@haltomdoan.com

---

[4] Alternatively, if the Court concludes that an Order on Defendants' pending motions (Dkt. Nos. 19, 48, 59) is not imminently forthcoming, Defendants respectfully request that the Court stay the case pending its ruling on the motions. *See Nexus Display Techs. LLC v. Dell, Inc.*, No. 2:14-CV-762, 2015 WL 5043069, at *n.4 (E.D. Tex. Aug. 25, 2015) (stating that Defendant "could have requested a stay of any of the previous deadlines—or discovery, for that matter—pending a ruling on its motion [to transfer]."); *see also In re Google Inc.*, 2015 WL 5294800, at *1-2 (ordering the district court to "stay all proceedings pending completion of the transfer matter"); *In re Fusion-IO, Inc.*, 489 F. App'x 465, 466 (Fed. Cir. 2012) ("We fully expect . . . for the district court to act on those [transfer] motions before proceeding to any motion on the merits of the action."); *Steinbuch*, 518 F.3d at 590 (affirming stay of discovery pending ruling on motion to dismiss for lack of personal jurisdiction); *Gilbert*, 401 F.3d at 415–16 (6th Cir. 2005) (affirming stay of discovery pending ruling on dispositive motion asserting a jurisdictional issue).

**DEFENDANTS' MOTION FOR RULING – Page 5**

        Andrew N. Thomases
        (CA Bar No. 177339)
        Andrew T. Radsch
        (CA Bar No. 303665)
        Christopher M. Bonny
        (CA Bar No. 280554)
        ROPES & GRAY LLP
        1900 University Avenue
        East Palo Alto, CA 94303-2284
        Telephone: (650) 617-4000
        Facsimile: (650) 617-4090
        Email: andrew.thomases@ropesgray.com
        Email: andrew.radsch@ropesgray.com
        Email: christopher.bonny@ropesgray.com

        Scott S. Taylor (MA Bar No. 692689)
        ROPES & GRAY LLP
        Prudential Center
        800 Boylston Street
        Boston, MA 02199
        Telephone: (617) 951-7000
        Email: scott.taylor@ropesgray.com

        Lance W. Shapiro (NY Bar 5397955)
        ROPES & GRAY LLP
        1211 Avenue of the Americas
        New York, NY 10036-8704
        Telephone: (212) 596-9000
        Facsimile: (212) 596-9090
        Email: lance.shapiro@ropesgray.com

        **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 25th day of March 2020.

        */s/ Jennifer H. Doan*
        Jennifer H. Doan

## CERTIFICATE OF CONFERENCE

   The undersigned certifies that counsel for Plaintiff and the Defendants complied with the meet and confer requirement in Local Rule CV-7(h).  Specifically, Mr. Josh Thane, counsel for Defendants, and Mr. Gil Gillam, counsel for Plaintiff, met and conferred in person on March 23, 2020 and by electronic mail on March 24, 2020.  Canon opposes Defendants' request for ruling.

                */s/ Joshua R. Thane*
                Joshua R. Thane