IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CANON, INC., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:18-CV-00546-JRG |
| TCL ELECTRONICS HOLDINGS LTD., TCL CORPORATION, SHENZEN TCL NEW TECHNOLOGIES CO. LTD., TCL KING ELECTRICAL APPLIANCES (HUIZHOU) CO., LTD., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants TCL Electronics Holdings Ltd. ("TCL Electronics Holdings"), Shenzhen TCL New Technologies Co. Ltd. ("Shenzhen TCL"), TCL Corporation ("TCL Corp.") and TCL King Huizhou's ("TCL King Huizhou") (collectively, "Defendants") Motion to Dismiss (Dkt. No. 48.) By their Motion, TCL Electronics Holdings, Shenzhen TCL, and TCL Corp. ("12(b)(2) Moving Defendants") assert that this Court lacks personal jurisdiction over them. Also by their Motion, all Defendants assert that Plaintiff Canon, Inc. ("Canon") has failed to state a claim for relief. Having considered the parties' positions, and for the reasons set forth herein, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

Also before the Court is TCL Electronics Holdings' stand-alone Rule 12(b)(2) Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Request for Evidentiary Hearing. (Dkt. No. 19.) For the reasons set forth herein, this motion is likewise **DENIED**.

1

Finally, before the Court is Defendants' Motion for Leave to File a Response to Plaintiff's Sur-Reply to Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. No. 40.) This motion is **GRANTED**, and the Court considers Defendants' response as filed in reaching its conclusions herein. (Dkt. No. 41.)

I.  **BACKGROUND**

Canon accuses Defendants of infringing U.S. Patent Nos. 7,746,413; 7,810,130; 8,078,767; 8,346,986; and 8,713,206 (collectively, the "Asserted Patents") by "making, using, offering to sell, and/or selling accused products in th[is] district, and/or importing accused products into this district, including by internet sales and sales via retail and wholesale stores, and/or inducing others to commit acts of patent infringement in this district." (Dkt. No. 22 at ¶ 19.) Canon accuses TCL-branded "television systems that integrate the Roku operation system" ("Accused Products") of infringement. (Dkt. No. 22 at ¶ 52.) Canon originally filed suit against TCL Electronics Holdings (Dkt. No. 1), and TCL Electronics Holdings moved to dismiss for lack of personal jurisdiction. (Dkt. No. 19). Canon subsequently filed a First Amended Complaint ("FAC") against seven additional defendants; only Defendants TCL Electronics Holdings, Shenzhen TCL, TCL Corporation, and TCL King Huizhou remain. (Dkt. No. 22.)

Defendants TCL Electronics Holdings, Shenzhen TCL, and TCL Corp. now move to dismiss under 12(b)(2), arguing that this Court does not have personal jurisdiction over them because they are unrelated companies that operate solely outside of the U.S. and do not manufacture any Accused Products. (Dkt. No. 48.) Defendants also move collectively to dismiss under 12(b)(6), arguing that Canon has failed to state a claim for relief because it has not provided "particularized allegations" against any of the Defendants. (Dkt. No. 48 at 2.)

## II. This Court Has Personal Jurisdiction Over Defendants.

### a. Applicable Law

"To survive a motion to dismiss in the absence of jurisdictional discovery, plaintiffs need only make a *prima facie* showing of jurisdiction." *Nuance Communs., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010) (citing *Trintec Indus., Inc., v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005)). In deciding a 12(b)(2) motion, "the district court must construe all pleadings and affidavits in the light most favorable to the plaintiff" and "accept the uncontroverted allegations in the plaintiff's complaint as true." *Trintec*, 395 F.3d at 1282 – 83.

The parties do not contend that this Court has general jurisdiction over Defendants; rather, Canon contends that this Court may exercise personal jurisdiction over Defendants under a stream of commerce theory, under Rule 4(k)(2), and under specific jurisdiction.

### b. This Court May Exercise Personal Jurisdiction Over Defendants Under the Stream of Commerce.

A Court can exert personal jurisdiction over a foreign defendant that purposefully avails itself of a forum, such as by "delivering its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." *Nuance*, 626 F.3d at 1233 (citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 298 (1980)); *see also Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008). The Federal Circuit has found a proper exercise of personal jurisdiction where "defendants, acting in consort, placed the accused [product] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1566 (Fed. Cir. 1994).

Plaintiff has sufficiently demonstrated that Defendants placed the Accused Products into the stream of commerce, including through supported factual allegations that:

- TCL Corporation established U.S. subsidiary TCL USA, whose Senior Vice President has touted that "TCL is almost completely vertically integrated" (Dkt. No. 54 at 5, Exh. 4);
- TCL Corp. and TCL Electronics Holdings are both represented to the media by Mr. Li Dongsheng, TCL Corp.'s founder, chairman, and CEO (Dkt. No. 54 at 5, Exh. 5);
- Mr. Li Dongsheng has toured North American cities to tout the Accused Products and share TCL's strategy in the U.S. market (Dkt. No. 54 at 11, Exh. 6, Exh. 18);
- Defendants share overlapping executives, including Mr. Cheng (Kevin) Wang, Senior Vice President of TCL Corp., CEO of Shenzhen TCL, and General Manager of TCL's Supply Chain Management Center. (Dkt. No. 54 at 11, Exh. 16.)

Defendants argue that Canon "does not so much as plead any relationship between" them. (Dkt. No. 48 at 3, 12.) However, Defendants themselves admit that "TCL Corporation was the ultimate parent of the other Defendants in this suit" at the time it was originally filed. (Dkt. No. 48 at 5.) Further, Canon has alleged facts showing that Defendants have a "vertically integrated supply chain" model which includes overlapping executives. Canon's allegations, taken as true—which the Court must do on a 12(b)(2) Motion—sufficiently establish that Defendants "act[ed] in consort" to "place[] the accused [TVs] in the stream of commerce" via their vertically integrated supply chain culminating in the manufacture of the Accused Products on one end and the distribution of the Accused Products in this District on the other. *Beverly Hills*, 21 F.3d at 1566.

Plaintiff's allegations, taken as true, further establish that Defendants' products were reasonably likely to, and indeed did, enter this forum. Canon pled that:

- Defendants' Accused Products are sold in this district (Dkt. No. 54 at 13, Akin Decl. at ¶¶ 2 – 4);
- TCL Corp. and Shenzhen TCL route the Accused Products here through their exclusive distributor TCL USA. (Dkt. No. 54 at 14, citing Dkt. No. 48 at 12.)

Defendants argue that stream of commerce theory does not apply to the 12(b)(2) Moving Defendants because Canon "conflat[es] how products are *made* with how they are *distributed*," stating that "[i]mportantly, the *supply* chain here operates entirely outside the U.S." (Dkt. No. 58 at 2 (emphasis in original).) However, Defendants' tacit admission that they do indeed distribute products—even if the supply chain operates entirely outside the U.S.—is, on its own, sufficient to support personal jurisdiction because "if the sale of a product of a manufacturer or distributor…is not simply an isolated occurrence, but arises from the efforts of the [defendants] to serve, directly or indirectly, the market for its product…, it is not unreasonable to subject it to suit." *Beverly Hills,* 21 F.3d at 1566.

The Court concludes that the 12(b)(2) Moving Defendants, who placed the Accused Products into the stream of commerce by distributing them to their United States subsidiary for final delivery in this District, were aware and expected that Texas was a "likely destination of the products" and that "their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court [here]." *Beverly Hills,* 21 F.3d at 1566.

c. **The Court May Exercise Specific Jurisdiction Over Defendants.**

Canon also contends that this Court may exercise personal jurisdiction over Defendants under a theory of specific jurisdiction. (Dkt. No. 54 at 16). As laid out by the Federal Circuit, the

specific jurisdiction analysis involves three factors: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance*, 626 F.3d at 1231 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 – 46 (Fed. Cir. 1995)).

As discussed *supra*, this Court finds that Canon has made a *prima facie* showing that Defendants purposefully directed the sale of Accused Products to residents of Texas, which products are ultimately sold in this District. (Dkt. No. 54 at 13, Akin Decl. at ¶¶ 2 – 4). Canon's claims for patent infringement arise out of and relate to the "direct[] and/or indirect[] making, selling, offering for sale, importing, and/or using" of those Accused Products. (Dkt. No. 1 at ¶ 12.) Thus, the crux of the Court's remaining analysis focuses on whether assertion of personal jurisdiction over Defendants is reasonable and fair.

"To determine whether exercising personal jurisdiction would comport with 'fair play and substantial justice,' we consider five factors: (1) the burden on the defendant, (2) the forum's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies." *Synthes*, 563 F.3d at 1299 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980))).

The Court finds that application of these five factors establishes that an assertion of personal jurisdiction over Defendants is reasonable and fair in this case. Defendants may be burdened by defending in a foreign forum, but are benefitted by the experience of repeated litigation in this forum, and indeed across the United States.[1] Additionally, Defendants regularly

---

[1] The Court notes that, considering cases filed since the present case and merely in this Court, Defendants have appeared in *Cellular Comm'ns. Equip. LLC v. TCL Corp. et al.*, 2:20-cv-80 (E.D. Tex. 2020); *Vista Peak Ventures,*

send representatives to trade shows and interviews in the United States. (Dkt. No. 54 at 5, 10 – 11, Exh. 6, Exh. 15, Exh. 17, Exh. 18.) Further, the interests of the United States and of Canon, as measured by the second and third factors, indicate that exercise of personal jurisdiction would comport with fair play and substantial justice. "The United States also has an interest in discouraging injuries that occur within its boundaries, including injuries resulting from patent infringement." *Synthes*, 563 F.3d at 1299 (citing *Beverly Hill Fan*, 21 F.3d at 1568). Further, Canon has an interest in obtaining relief from an infringement of its patents.

As with the second factor, the fourth and fifth factors weigh in favor of exercising jurisdiction. To the extent the United States is the forum, there is no indication that any other forum would have greater interest in or greater motive to achieve an efficient resolution of the controversies asserted. Finally, the United States has an interest in furthering fundamental substantive social policies by discouraging infringement of intellectual property rights.

The Court therefore concludes that exercising personal jurisdiction over Defendants is reasonable and fair. Since the Court has also concluded that Defendants purposefully directed the Accused Products to this forum, and the alleged infringement arises out of and/or relates thereto, the Court finds that it may exercise personal jurisdiction over Defendants under specific jurisdiction.

Having found that its exercise of personal jurisdiction over the 12(b)(2) Moving Defendants is appropriate under stream of commerce and specific personal jurisdiction theories, the Court declines to consider whether jurisdiction would alternatively be appropriate under Rule 4(k)(2). The Court determines that at least the courts of the State of Texas would have personal jurisdiction over Defendants as to these claims. That alone defeats an assertion that jurisdiction

---

*LLC v. TCL Corp. et al.,* 2:19-cv-188 (E.D. Tex. 2019); *Vista Peak Ventures, LLC v. TCL Corp. et al.,* 2:19-cv-189 (E.D. Tex. 2019); *Vista Peak Ventures, LLC v. TCL Corp. et al.,* 2:19-cv-190 (E.D. Tex. 2019).

can be found under Rule 4(k)(2). The Court does not consider whether any other state would have personal jurisdiction over the 12(b)(2) Moving Defendants as to these claims.

### d. TCL Corporation's Alleged Divestiture of Its Subsidiaries in March 2019 Does Not Obviate the Court's Personal Jurisdiction Over It.

Defendants argue that TCL Corporation is merely a holding company, and has divested all its assets between the filings of the Original Complaint and the FAC. (Dkt. No. 48 at 5, Dkt. No. 58 at 3). However, the Federal Circuit has recognized that "the long-standing rule in the Federal courts [is] that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action by the parties." *F.Alderete Gen. Contractors, Inc. v. United States*, 715 F.2d 1476, 1480 (Fed. Cir. 1983). As a result, TCL Corp.'s complaint that Canon "cited no action by TCL Corp. subsequent to its divestiture that would subject it to jurisdiction here" is not persuasive. (Dkt. No. 58 at 3.) More persuasive is Defendants' admission that "TCL Corporation *was* the ultimate parent of the other Defendants in this suit." (Dkt. No. 48 at 5 (emphasis added).) That admission combined with Canon's sufficiently pled facts support this Court's exercise of personal jurisdiction over TCL Corp. at the time of filing of the Complaint, as discussed herein. The Court therefore concludes that exercising personal jurisdiction over TCL Corp. is proper despite its subsequent divestiture.

## III. Canon Sufficiently Stated Claims for Patent Infringement.

### a. Applicable Law

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a 12(b)(6) motion, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the

pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). While a complaint need not allege detailed factual allegations to survive a Rule 12(b)(6) motion, the pleader's obligation to state the grounds of entitled relief requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal quotations omitted).

A claim of induced infringement requires (1) an act of direct infringement by another and (2) a defendant who knowingly induced that direct infringement with specific intent to encourage the other's infringement. 35 U.S.C. § 271(b); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."). Contributory infringement occurs if a person "offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c).

### b. Canon Stated Sufficient Factual Matter to State a Plausible Claim to Relief.

#### i. Canon Sufficiently Stated Claims for Direct Infringement.

A claim of literal infringement requires a showing that "each and every limitation set forth in a claim appear[] in the accused product." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990).

Canon's FAC against Defendants pled sufficient facts to support its claim that Defendants' sale or offer for sale of the Accused Products infringe the Asserted Patents. The FAC alleges that "Defendants, directly or through intermediaries, including its subsidiaries, make, use, sell, offer to sell within the United States and/or import into the United States and this District infringing television systems that integrate the Roku operating system ("Roku OS")." (Dkt. No. 22 at ¶ 52; *see also id.* at ¶ 12 ("Defendants have committed acts of infringement within the State of Texas and this judicial District by, *inter alia*, directly and/or indirectly making, selling, offering for sale, importing, and/or using products that infringe one or more claims of Canon's patents asserted herein.").)

Defendants assert that because Canon "indiscriminately lumped all Defendants together," Canon has failed to state a claim for infringement. (Dkt. No. 48 at 16 – 17.) However, this Court has held that the pleading standard set out by *Iqbal* and *Twombly* does not require identification of actions "on a defendant-by-defendant basis." *See, e.g., Lucas v. Chesapeake Exploration, L.L.C.*, No. 2:12-cv-00592, 2013 WL 5200046, at *3 (E.D. Tex., Sept. 13, 2013). Rather, the pleading requirements are met when a plaintiff "pl[eads] facts sufficient to give [defendant] fair notice of what the claim is and the grounds upon which it rests," for example, when a factual basis for defendant's liability is set forward and the relationship among the named defendants is described. *Id.* at 5 (internal quotations omitted). Canon's FAC pleads facts sufficient to give Defendants fair notice of its claims for patent infringement, including identification of Accused Products, facts showing corporate relationships between Defendants, and facts showing how Defendants' sales or offers for sale assertedly infringed its patents. Facts pled include those about the relationships amongst Defendants and how they are liable for patent infringement. Accordingly, Canon's

factual allegations, accepted as true, sufficiently state claims for patent infringement that are "plausible on [their] face." *Iqbal*, 556 U.S. at 678.

### ii. Canon Sufficiently Stated Claims for Indirect Infringement.

The Court finds that Canon's FAC plausibly alleges claims of induced infringement. The FAC alleges that Defendants "have induced and are continuing to induce infringement" of specified claims of the Asserted Patents "by taking active steps to encourage and facilitate direct infringement by others, including agent-subsidiaries, affiliates, partners, CDN service providers, importers, resellers, customers and/or end users, in this District and elsewhere in the United States, through the dissemination" of the Accused Products as well as "the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information relating to such products with knowledge and the specific intent that their efforts will result in the direct infringement" of the Asserted Patents. (*See, e.g.*, Dkt. No. 22 at ¶¶ 77, 113, 153, 191, 225.) Canon further asserts that "Defendants have also induced and are continuing to induce infringement" of the Asserted Patents by "encouraging, instructing, and/or directing third parties, including end users, to use" the Accused Products. (*See, e.g.*, Dkt. No. 22 at ¶¶ 80, 116, 156, 194, 228.) With all reasonable inferences drawn in favor of Canon, it is plausible that Defendants' TV sales and/or offers for sale actively induced infringement of the Asserted Patents.

Similarly, the Court finds that Canon's FAC plausibly alleges claims of contributory infringement. The FAC alleges that "Defendants have contributed to and are continuing to contribute to the infringement" of identified claims of the Asserted Patents "by providing the components of the [ ] Accused Products to others, including subsidiaries, affiliates, partners, CDN service providers, importers, resellers, customers and/or end users, including TTE and Roku, who

makes, sells, offers for sale, or uses…and/or imports" the Accused Products into the United States. (*See, e.g.,* Dkt. No. 22 at ¶ 89, 124, 164, 202, 237.) Canon alleges that "others, including agent-subsidiaries, affiliates, partners, CDN service providers, importers, resellers, customers and/or end users, including TTE and Roku, directly infringe" the Asserted Patents (*see, e.g.*, Dkt. No. 22 at ¶¶ 90, 91) and that the components that Defendants provide to such third parties "are material to the infringing instrumentalities," and "were especially made or adapted for use" and "are not a staple article or commodity of commerce suitable for substantial non-infringing use." (Dkt. No. 22 at ¶ 92.) Further, Canon pleads that "Defendants had knowledge" of the Asserted Patents "or have been willfully blind to such infringement since (A) at least December 27, 2018 when Canon filed a complaint for infringement . . . against TCL Electronics Holdings Ltd. or (B), at the latest, starting from the filing of this Amended Complaint." (*See, e.g.*, Dkt. No. 22 at ¶¶ 93, 128, 168, 206, 241.) Accepting those allegations as true, it is plausible that Defendants' TV sales and/or offers for sale knowingly and intentionally induced "others, including agent-subsidiaries, affiliates, partners, CDN service providers, importers, resellers, customers and/or end users, including TTE and Roku" to directly infringe the Asserted Patents.

## IV. CONCLUSION

For the reasons set forth herein, Defendants TCL Electronics Holdings Ltd., Shenzhen TCL New Technologies Co. Ltd., and TCL Corporation's Rule 12(b)(2) Motion to Dismiss is **DENIED**.[2]

Further, Defendants TCL Electronics Holdings Ltd., Shenzhen TCL New Technologies Co. Ltd., TCL Corporation, and TCL King Huizhou's Rule 12(b)(6) Motion to Dismiss is **DENIED**.

---

[2] (Dkt. No. 48 and Dkt. No. 19.)

**So ORDERED and SIGNED this 25th day of March, 2020.**

*[signature: Rodney Gilstrap]*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE