# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CANON, INC., <br><br> Plaintiff, <br><br> v. <br><br> TCL ELECTRONICS HOLDINGS LTD., et al., <br><br> Defendants. | Civil Action No. 2:18-cv-00546-JRG <br><br><br> JURY TRIAL DEMANDED |

## DEFENDANTS' OPPOSITION TO CANON'S MOTION TO MODIFY THE PROTECTIVE ORDER TO PERMIT REMOTE REVIEW OF SOURCE CODE

Canon, Inc.'s ("Canon") request to modify the Protective Order, which the parties jointly negotiated and agreed to (Dkt. No. 75), to allow for remote source code review is unnecessary and needlessly puts sensitive source code at risk. The Protective Order does not need to be modified. First, the parties are successfully engaged in source code review under the current Protective Order. While Defendants[1] recognize the need to tailor the source code review process in light of the COVID-19 pandemic, the appropriate accommodations have already been made to facilitate the safe and effective review of source code without compromising its security. Second, non-parties, including Roku, have produced source code in this case in reliance on the existing source code provisions in the Protective Order. Third, remote review would greatly increase the risk of inadvertent or malicious disclosure of the source code, which is highly sensitive and valuable information, that once copied can be utilized at low cost and effort. Under Canon's remote review proposal, the producing party cannot ensure that its source code will not be copied or disclosed. Fourth, Canon's proposal would substantially increase the costs required to prepare the source code review computer and to monitor the source code review. Thus, Canon's proposal unnecessarily increases the risk and costs of any source code review in this case. Canon's Motion to Modify the Protective Order to Permit Remote Review of Source Code should be denied.[2]

## I.   FACTUAL BACKGROUND

On November 13, 2019, the Court entered the agreed Protective Order in this case. Dkt.

---

[1] TCL Electrical Holdings, Ltd., TCL Corporation, TCL King Electrical Appliances (Huizhou) Co., Ltd., and Shenzhen New Technologies Co., Ltd.

[2] As a threshold matter, Canon's motion makes clear that it is primarily concerned with remotely reviewing the source code from third party Roku. *See, e.g.*, Dkt No. 140 at 6 n.10. However, as Roku is a third party, modification of the Protective Order alone would not resolve the issue; Canon would need to file a motion to compel in the district in which Canon demanded compliance with its subpoena to Roku, which is the Northern District of California. Defendants understand that Roku has submitted for filing in the Northern District of California a motion to quash and/or modify and for a protective order concerning Canon's extant demand that Roku make its source code available for remote review, which motion was served on the parties to this action.

**DEFENDANTS' OPPOSITION TO MOTION TO MODIFY PROTECTIVE ORDER - Page 1**

No. 79. Recognizing the confidential and sensitive nature of source code, the Protective Order specifies the procedures and safeguards for source code review. *Id.* at ¶ 10. Among other things, those safeguards include (i) requiring the review take place on a "stand-alone" computer; (ii) prohibiting any electronic copying of the source code, (iii) restricting the reviewing party to four printouts of limited portions of the source code; and (iv) barring electronic transportation of the source code. *Id.* Importantly, the Protective Order, as the parties previously agreed, dictates that review shall take place at "the offices of the producing Party's outside counsel" so that the producing party can establish a secured and monitored location for review. *See id.* at ¶ 10(a).

Under this Protective Order, Canon is currently reviewing Defendants' and third party Roku's source code. Since February, Canon's experts have spent over fifteen days reviewing source code, with four more days scheduled next week. *See* Ex. D. Canon's experts originally reviewed the source code at counsel's office in East Palo Alto, California. On March 17, California issued its shelter-in-place order in response to the growing COVID-19 pandemic.

Defendants understand that Roku made all code requested by Canon available for inspection in California, but when California issued its shelter-in-place order, Roku made its code available for inspection within the Eastern District of Texas, the District in which Canon chose to file this action.[3] Ex. A. Canon declined to review Roku's code within the District, stating that its experts did not want to travel and that Canon could not locate an expert in the Dallas/Plano area. Ex. B. Canon requested Roku make its source code available in the DC area, and Roku acceded, having its entire Roku OS hand couriered to Virginia for review. *Id.*

---

[3] Notably, Governor Greg Abbott allowed his stay-at-home order to expire yesterday (April 30, 2020), and he is allowing non-essential businesses to reopen for business. *See* https://www.axios.com/texas-coronavirus-reopening-e0104f38-f8ce-4142-a56fg-845a7c7b60db.html (last accessed May 1, 2020). Source code can easily be reviewed in this District pursuant to the current Protective Order, which the parties jointly negotiated and agreed to almost six months ago.

**DEFENDANTS' OPPOSITION TO MOTION TO MODIFY PROTECTIVE ORDER - Page 2**

Roku arranged to have a laptop containing the source code available for review in the D.C. area, at the offices of its outside counsel, Oblon, McClelland, Maier & Neustadt, LLP's ("Oblon"), in Alexandria, VA.[4] *Id.* At Oblon, the experts are able to review the source code while engaging in safe practices. In addition, Canon requested approval of an additional expert to review the code in Virginia, which was approved on an expedited basis. Ex. C at 1. Indeed, two of Canon's experts have been reviewing the code in Virginia without incident, for a total of eight days as of the filing of this opposition and four more review days are scheduled for next week.

## II. THE PROTECTIVE ORDER DOES NOT NEED MODIFICATION

While Defendants understand that the COVID-19 pandemic poses certain challenges which may require accommodations, Canon's requested Protective Order modification is not necessary.[5] First, source code review is proceeding safely under the current Protective Order and relevant COVID-19 orders, making Canon's proposed remote review procedure unnecessary. Second, third party Roku has produced source code in this case relying on the safeguards in the present Protective Order. Third, Canon's remote review procedure would greatly increase the risk of copying or disclosure of sensitive, highly valuable source code. Fourth, Canon's proposal would require the producing party to expend significant resources in order to effectively monitor the source code review.

### A. The Current Source Code Review Provisions Are Working Effectively

---

[4] Under the COVID-19 orders issued by Virginia, the source code review is permitted. On March 23, 2020, Virginia issued a COVID-19 order that addressed business restrictions. Dkt. No. 140-10. The order permitted "business operations offering professional rather than retail service [to] remain open," so long as they "adhere to social distancing recommendations" and "enhanced sanitizing practices on common surfaces." *Id.* § 8. On March 30, 2020, Virginia issued a follow-up temporary stay-at-home order, which put in place certain travel restrictions but provided, "Individuals may leave their residences for the purpose of . . . [t]raveling to and from one's . . . work." Dkt. 140-10 at § 1(f).

[5] Canon's motion does not comply with this Court's Standing Order regarding discovery disputes, which states that attachments to an opposed discovery related motion shall not exceed five (5) pages. Canon's motion includes four declarations and eight exhibits in excess of one-hundred (100) pages.

**DEFENDANTS' OPPOSITION TO MOTION TO MODIFY PROTECTIVE ORDER - Page 3**

The source code review concerns presented by COVID-19 have been adequately addressed without need for remote review. Canon's experts have spent eight days reviewing source code at Oblon's offices in Virginia. In fact, in-person review in Virginia is a solution that Canon itself proposed in light of the current COVID-19 pandemic. Notably, Canon suggested review at a third party facility in Virginia up until March 30, after Virginia had already issued its March 23 order placing restrictions on non-essential businesses. *See* Va. Exec. Order No. 53 (Mar. 23, 2020); Ex. B. And the March 30 Virginia order explicitly permitted travel for work purposes. *See* Va. Exec. Order No. 55 § 1(f) (Mar. 30, 2020). Thus, Canon's representation that the Virginia orders hinder review at Oblon's office is without merit.

Canon's experts can safely conduct source code review in Oblon's office, in compliance with Virginia's COVID-19 orders. As noted, Oblon's offices have free parking, so the experts do not need to take public transportation. Ex. B. Moreover, the offices are nearly empty, social distancing measures are practiced, and the expert has a dedicated review space. *Id.* Further, the review room workspaces are sanitized prior to the expert's arrival and after the expert's departure every day. Ex. C at 1. These precautions ensure that the review can be conducted safely. Because Canon's experts can and are reviewing source code without issue under the current Protective Order, Canon's proposed modifications are unnecessary.

The Court's guidance that parties should develop "creative proposals that accomplish the goal of allowing code review to efficiently and effectively continue during the COVID-19 crisis, while protecting the security of the source code—which is highly sensitive and valuable information—as best as possible under the circumstances," April 20, 2020 COVID-19 Standing Order at 5,[6] have been taken to heart and met in this case. The current procedures in place allow

---

[6] http://www.txed.uscourts.gov/sites/default/files/judgeFiles/COVID19%20Standing%20Order.pdf.

**DEFENDANTS' OPPOSITION TO MOTION TO MODIFY PROTECTIVE ORDER - Page 4**

for efficient, effective, and safe review while protecting the security of source code. To the extent Canon attempts to rely on the Court's statement in its Standing Order that in-person review may be hazardous, Defendants note both that those hazards have been abated by the procedures adopted here, and also that Canon is being selective in its reliance on the Standing Order. In particular, even though the Standing Order prohibits in-person depositions, to date, Canon is refusing to make its witnesses available for remote depositions and has insisted that in-person depositions proceed (with parties, counsel, interpreters, court reporter, and videographer), in the cramped conference room of the American consulate in Osaka, Japan. Canon's insistence on in-person depositions undermines its reliance on the Court's Standing Order and demonstrates that Canon believes that in-person discovery is appropriate and can safely proceed.

### B.     Third Parties Rely on the Protections in the Current Protective Order

Third party Roku produced its full Roku operating system ("Roku OS") source code (with the exception of a few security/encryption modules) in this matter. Canon's reviewers have spent over fifteen days reviewing Roku's source code in California and Virginia. Roku produced its valuable source code in reliance of the safeguards set out in the Protective Order, including the ability to control the review space. The Court should not loosen the protections relied upon by Roku in its determination of how to proceed with source code production in this matter.

Due to the increased risk of copying, permitting remote review procedures may make it more difficult to obtain third party discovery of source code. For example, Defendants served a subpoena requesting source code on Konami Digital Entertainment, Inc. Third parties, such as Konami, may be unwilling to provide source code for review if remote review is permitted. This would hinder Defendants' ability to conduct the discovery it needs to support its case.

### C.     The Proposed Remote Source Code Review Would Increase the Risk of Copying

**DEFENDANTS' OPPOSITION TO MOTION TO MODIFY PROTECTIVE ORDER - Page 5**

Canon's proposed modifications would also needlessly increase security risks. Contrary to Canon's representations, its proposed remote review procedures would not allow the producing party to "retain the same control over the code environment as if it were an in-person review." *See* Dkt. No. 140 at 6. Significantly, while review at counsel's office allows the producing party to control and monitor the physical review space, in remote review, the reviewer has total control over the review space. For example, the reviewer could set up a recording device to take photos or video of the source code on the review screen before beginning review. Canon's proposed safeguard—a "wifi or cellular" camera placed in the reviewer's room—does nothing to eliminate this risk. *See* Dkt. No. 140-5 at ¶ 10(c). So long as the recording device is placed outside the wifi camera's view, the producing party has no way of knowing whether its source code is being copied. With in-person review, the producing party can ensure that there are no recording devices set up in the review room and can control exactly who and what enters and exits the review space.

Additionally, Canon's proposed procedure requires that the computer hosting the source code ("host computer") be connected to the reviewer's computer located in a remote location. Thus, the host computer must be connected to a network, which the reviewer could exploit to send the source code from the host computer to another location. Moreover, external malicious actors may be able to gain access to the source code through a compromised network. These opportunities for inadvertent or malicious copying of the producing party's source code present significant burdens to the producing party.

### D. The Proposed Remote Review Procedures Are Costly to the Producing Party

Canon's proposed amendments require that the producing party have individuals monitor a computer screen and a camera feed while the expert is reviewing the code in attempt to ensure some sort of safety. The amendments provide that "the producing Party may monitor the receiving Party's representative's actions on the remote computer by tracking or logging those activities. In

**DEFENDANTS' OPPOSITION TO MOTION TO MODIFY PROTECTIVE ORDER - Page 6**

addition . . . the producing Party may . . . remotely monitor (but not record) receiving Party's activities during the inspection via a wifi or cellular camera." Dkt. No. 140-5 at ¶ 10(c). Thus, to ensure even minimal security, the producing party must employ one person to track the actions on the remote computer and one person to monitor the camera feed on the expert's review space. These two people must monitor the reviewer for the entirety of the review. This is costly and time consuming for the producing party. In contrast, in-person review allows the producing party to control the review by monitoring who and what enter and leaves the review space.

Canon's proposal also requires that the producing party prepares the review computer and ships that, along with the monitoring camera, to the reviewer. The producing party must spend resources preparing the review computer with the appropriate safeguards and shipping that to the reviewer. As the proposed order requires "[a]ll fees and costs associated with making any Source Code Material available for inspection" to be paid by the producing party, Dkt No. 140-5 at ¶10(a), these procedures force the producing party to undertake significant costs.

### III.  CONCLUSION

While Defendants recognize that COVID-19 presents difficulties that may require modifications to source code review procedures, here such modifications have been made without needing to alter the Protective Order, and Canon's experts have been safely reviewing source code without incident. The current in-person review procedures, which adhere to strict social distancing and cleanliness practices, best balance the health and safety of the reviewers with the security of the producing party's source code.

For the foregoing reasons, Defendants respectfully request that the Court deny Canon's motion to modify the Protective Order.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
Cole Alan Riddell
Texas Bar No. 24105423
Kyle Randall Akin
Texas Bar No. 24105422
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: criddell@haltomdoan.com
Email: kakin@haltomdoan.com

Andrew N. Thomases
(CA Bar No. 177339)
Andrew T. Radsch
(CA Bar No. 303665)
ROPES & GRAY LLP
1900 University Avenue
East Palo Alto, CA  94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
Email: andrew.thomases@ropesgray.com
Email: andrew.radsch@ropesgray.com
Email: christopher.bonny@ropesgray.com

Scott S. Taylor (MA Bar No. 692689)
ROPES & GRAY LLP
Prudential Center
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Email: scott.taylor@ropesgray.com

                                Lance W. Shapiro (NY Bar 5397955)
                                ROPES & GRAY LLP
                                1211 Avenue of the Americas
                                New York, NY 10036-8704
                                Telephone: (212) 596-9000
                                Facsimile: (212) 596-9090
                                Email: lance.shapiro@ropesgray.com

                                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Pursuant to Local Rule CV-5(c), all counsel of record were served a true and correct copy of the foregoing document by electronic mail on this the 1st day of May, 2020.

                                */s/ Jennifer H. Doan*
                                Jennifer H. Doan